UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL H. PADILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Defendants. | Case No. 24-cv-02982-PJH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 10 |

Plaintiff, a Texas state prisoner proceeding pro se, filed a civil action against a governmental entity. The court denied the case at screening and plaintiff has filed a motion for reconsideration that the court construes as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

In this case, plaintiff sought court intervention in obtaining his economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020).  Plaintiff was advised that he was not entitled to relief to the extent he sought the court to compel the IRS to provide his EIP.  The court in *Scholl* found that the EIP could not be denied only because an individual was incarcerated.  However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP, which is the relief sought in this case.  That responsibility fell to the IRS to make an individual determination.  More importantly, funds cannot now be distributed pursuant to the CARES Act.  The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed.  That deadline has passed, and no more funds may be issued.

In this motion, plaintiff presents the same arguments from his complaint and fails to put forth any newly discovered evidence or demonstrate any other grounds for relief.  Plaintiff's motion (Docket No. 10) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 14, 2024

                                                                      */s/ Phyllis J. Hamilton*
                                                                     PHYLLIS J. HAMILTON
                                                                     United States District Judge